SMITH v. ELLIS et al.*

No. 19,294; February 6, 1894.

35 Pac. 764.

**Fraudulent Conveyances — Contradictory Evidence — Appeal.**— The mere fact that the parties to a conveyance contradict each other in some particulars will not warrant a reversal of the trial court's finding that the conveyance was not fraudulent.

APPEAL from Superior Court, Orange County; J. W. Towner, Judge.

Action by W. A. Smith against M. E. Ellis and J. N. Ellis, Sr., to subject certain land to the payment of judgments. Judgment for defendants. Plaintiff appeals. Affirmed.

J. T. Houx for appellant; J. W. Ballard for respondents.

SEARLS, C.—This is an action on the part of a judgment creditor of J. N. Ellis, Sr., to set aside as fraudulent a deed of conveyance of certain land in the county of Orange, exe-

*For subsequent opinion in bank, see 103 Cal. 294, 37 Pac. 400.

cuted by said J. N. Ellis, Sr., May 22, 1890, to his daughter M. E. Ellis, and to satisfy plaintiff's judgments out of said land. The defendants had judgment, from which, and from an order denying a new trial, as well as from an order denying a motion of plaintiff to amend his statement on motion for a new trial by inserting therein specifications as to insufficiency of evidence, etc., plaintiff appeals. For the purpose of disposing of the appeal, I shall assume the motion to amend the specifications of the insufficiency of the evidence as having been in fact allowed by the court. The testimony in the case was mainly that of the two defendants, father and daughter, and the two brothers of the latter, and the only question of any importance is, Was it sufficient to support the findings? This question can be answered in this wise: If true, it was amply sufficient. There is sufficient contradiction in the testimony of the two defendants to awaken some suspicion as to their truthfulness in my mind. These contradictions may, however, arise largely from ignorance on the part of the witnesses, from a failure to comprehend questions, from forgetfulness, etc., and a judgment formed from an examination of the record cannot, in the very nature of things, be as satisfactory as one based upon a hearing of the witnesses in open court with ample opportunity to not only hear what they say, but to observe their manner, intelligence, apparent honesty, etc. With all these superior opportunities the court below evidently placed faith in their integrity, and by its findings negatived all the charges of fraud. The findings are amply sufficient to support the judgment. I recommend that the judgment and orders appealed from be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.